Filed 11/20/24  P. v. Mendoza CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C099439 |
| Plaintiff and Respondent, | (Super. Ct. No. 21FE000350) |
| v. | |
| JAROM MENDOZA, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Jarom Mendoza asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We ordered supplemental briefing to address whether the aggravating circumstances relied on by the trial court at sentencing were found in accordance with Penal Code section 1170,[1] subdivision (b).  We now conclude that the

---

[1]      Undesignated statutory references are to the Penal Code.

aggravating circumstances were not properly found. Because this error was not harmless beyond a reasonable doubt, we vacate defendant's sentence and remand for further litigation of the aggravating circumstances and resentencing.

BACKGROUND

On January 3, 2021, Charles Kossow, Alexandria Kraft, and a third person introduced as Jarom went to the victim's home to perform yard work. The victim was 63 years old at the time. At some point, Kossow entered the victim's home and asked if one of them could use the bathroom. Kraft and Jarom then entered the victim's home, at which point Kossow started pummeling the victim. When the victim tried to get up, Kraft struck him with a cane, and Jarom also hit him. Together they took the victim to the ground and Kossow tied up the victim's legs. They repeatedly asked him "Where's the money?" The victim gave them the keys to his safe and Kossow dragged him to the bedroom. At some point, the victim was able to grab his gun but Kossow, Kraft, and Jarom pounded on his hands to get him to drop it. Kraft stabbed the victim in the hand three times with a broken piece of the cane. The three assailants grabbed cash, an antique watch collection, the victim's wallet, the gun, a laptop, and a cell phone before leaving.

The People charged defendant with robbery in concert (§ 211, 213, subd. (a)(1)(A)) and first degree residential burglary (§ 459). The amended information alleged prior strike convictions; that the charged offenses were committed while defendant was released from custody on a prior offense (§ 12022.1); and that a person other than an accomplice was present during the commission of the burglary (§ 667.5, subd. (c)(21)). Regarding aggravating circumstances, the amended information alleged that: (1) the crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness (Cal. Rules of Court,

2

rule 4.421(a)(1));[2] (2) defendant was armed with or used a weapon at the time of the commission of the crime (Rule 4.421(a)(2)); and (3) the victim was particularly vulnerable (Rule 4.421(a)(3)).

At trial, the victim identified defendant as the third person named Jarom who attacked him. When investigators administered a photographic lineup, the victim said the person in defendant's photo looked familiar to him. Defendant's girlfriend testified that Kossow, Kraft, and defendant all lived together for a period during January 2021. She claimed defendant was at home with her on the day of the robbery but could not explain why she failed to tell detectives that during the investigation.

The jury found defendant guilty of first degree robbery and first degree residential burglary and found true that defendant acted in concert with two or more people in committing the robbery and that a person other than an accomplice was present during the commission of the burglary. Defendant waived his right to a jury trial and agreed to proceed to a bench trial as to his prior strike convictions, the alleged aggravating circumstances, and the out-on-bail enhancement. The trial court scheduled the bench trial for the same day as sentencing.

The probation report stated on its cover page that it was prepared as if the three aggravating circumstances alleged in the amended information were found true. But when discussing the applicable Rules of Court in the body of the report, the probation officer explained that nine aggravating circumstances may apply to this case: (1) the crime involved great violence, great bodily harm, threat of great bodily harm or other acts disclosing a high degree of cruelty, viciousness, or callousness (Rule 4.421(a)(1)); (2) the victim was particularly vulnerable (Rule 4.421(a)(3)); (3) the manner in which the crime was carried out indicates planning, sophistication, or professionalism (Rule 4.421(a)(8));

---

[2]      Undesignated rule citations are to the California Rules of Court.

(4) defendant took advantage of a position of trust or confidence to commit the offense (Rule 4.421(a)(11)); (5) defendant engaged in violent conduct that indicates a serious danger to society (Rule 4.421(b)(1)); (6) defendant's prior convictions are numerous or of increasing seriousness (Rule 4.421(b)(2)); (7) defendant has served a prior prison term (Rule 4.421(b)(3)); (8) defendant was on parole when the crime was committed (Rule 4.421(b)(4)); and (9) defendant's prior performance on parole was unsatisfactory (Rule 4.421(b)(5)). The probation report indicated that the first two of these had been found true.

Before sentencing, the trial court held a bench trial at which it found defendant's prior convictions true. But no bench trial was held as to the aggravating circumstances. The People dismissed the out-on-bail enhancement. The trial court also denied defendant's motion pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, in part because the court found the present offense to be "extremely violent."

At sentencing, the trial court stated it had read and considered the probation report. The court imposed the upper term of nine years for the robbery, increased to 27 years to life due to the prior strikes, plus an additional 10 years for his prior convictions. In selecting the upper term, the court explained: "As to the upper term, just so that is understood, the jury found the aggravating factors as well, so because of those aggravating factors and the fact that the defendant was on parole, I am imposing the upper term. That is the Court's reasoning for the upper term. [¶] I am not aware of any circumstances in mitigation other than what [defense counsel] argued as to the level of culpability as between the three individuals who robbed the victim in this case, but even if I consider that as mitigating evidence, again, I think the aggravating factors far outweigh anything in mitigation." For the burglary conviction, the trial court imposed a term of 25 years to life plus an additional 10 years for defendant's prior convictions but stayed this term pursuant to section 654.

Defendant timely appealed.

4

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) After reviewing the record, we ordered supplemental briefing on the following question: "Were the aggravating circumstances relied on by the trial court to impose the upper term for defendant's robbery conviction. . . found in accordance with Penal Code section 1170, subdivision (b)? If they were not, what relief (if any) is warranted?"

Section 1170, subdivision (b)(2) provides that a trial court "may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." The parties agree that the aggravating circumstances in this case were not found in accordance with this provision, even though the trial court imposed the upper term for the robbery conviction. Nonetheless, the People maintain that remand is unnecessary for two reasons.

The People first argue that defendant has forfeited this claim by failing to raise it below. "Ordinarily, an appellate court will not consider a claim of error if an objection could have been, but was not, made in the lower court." (*People v. French* (2008) 43 Cal.4th 36, 46.) Whether claims such as this one can be forfeited is not settled. (Compare *People v. Achane* (2023) 92 Cal.App.5th 1037, 1043 [concluding that a defendant who did not object to improperly proven aggravating circumstances may not argue the issue on appeal] with *People v. Fredrickson* (2023) 90 Cal.App.5th 984, 994, fn. 8 [section 1170 claim "not subject to forfeiture" because such claim did " 'not challenge the manner in which the trial court *exercised* its sentencing discretion but rather its apparent misapprehension of statutory sentencing obligations' "].) Our Supreme

Court also recently explained that this type of error runs afoul of the federal constitution. (See *People v. Lynch* (2024) 16 Cal.5th 730, 768 (*Lynch*) ["a Sixth Amendment violation occurs when the trial court relies on unproven aggravating facts to impose an upper term sentence"].) Though constitutional claims are generally still subject to forfeiture (see *In re Sheena K.* (2007) 40 Cal.4th 875, 880-881), certain Sixth Amendment claims remain reviewable on appeal despite the absence of a timely objection. (See *French, supra*, at p. 48 ["Defendant did not forfeit his Sixth Amendment right by failing to request a jury trial on the aggravating circumstances"].)

Ultimately, we need not decide whether the forfeiture doctrine applies in this case. Given the nature of the error, and to forestall a future claim of ineffective assistance of counsel, we exercise our discretion to excuse any potential forfeiture and proceed to the merits. (See *People v. Crittenden* (1994) 9 Cal.4th 83, 146; *People v. Williams* (1998) 17 Cal.4th 148, 161, fn. 6 ["An appellate court is generally not prohibited from reaching a question that has not been preserved for review by a party"]; *People v. Frederickson* (2020) 8 Cal.5th 963, 1031 (conc. opn. of Liu, J.) [courts "regularly excuse forfeiture where the defendant has asserted the deprivation of a fundamental constitutional right"].)

On the merits, the People argue the error was harmless. A trial court's reliance on aggravating circumstances not found in accordance with section 1170, subdivision (b) is "prejudicial unless an appellate court can conclude beyond a reasonable doubt that a jury would have found true all of the aggravating facts relied upon by the trial court to justify an upper term sentence, or that those facts were otherwise proved true in compliance with the current statutory requirements. If the reviewing court cannot so determine, applying the *Chapman* [*v. California* (1967) 386 U.S. 18] standard of review, the defendant is entitled to a remand for resentencing." (*Lynch, supra*, 16 Cal.5th at p. 768.) Under *Chapman*, the People bear the burden of establishing that the federal constitutional error was harmless beyond a reasonable doubt. (*People v. Avalos* (2022) 85 Cal.App.5th 926, 953.)

6

Here, the trial court mistakenly believed the aggravating circumstances had been found by the jury. In pronouncing the sentence, the court never specified which aggravating circumstances it was relying on, stating only that "the jury found the aggravating factors as well, so because of those aggravating factors and the fact that the defendant was on parole, I am imposing the upper term."

Although it is possible the trial court believed the jury had found true only the three aggravating circumstances alleged in the amended information, it is equally possible the court was referring to all nine aggravating circumstances listed in the probation report.

In either case, we cannot conclude beyond a reasonable doubt that the trial court would have found the relevant aggravating circumstances true at a bench trial. Though the People recite the correct standard for prejudice—that, beyond a reasonable doubt, *all* aggravating circumstances relied on would have been found true—they ultimately submit that the record "indicates that the court would have necessarily found *at least one . . .* aggravating factor[] alleged in the amended information to be true." (Italics added.) In support, the People point to the court's comment that the offense was "extremely violent" to argue the court would have found that the crime involved great violence under Rule 4.421(a)(1). However, finding this single aggravating circumstance true does not mean the court would have found all aggravating circumstances true. The People argue that the court "would have found additional aggravating factors relating to victim vulnerability and the use of a weapon, had it been asked to do so." This conclusory assertion fails to persuade that these aggravating circumstances would have been found true at a bench trial. The People thus fall short of satisfying their burden that the error was harmless under the standard articulated by our Supreme Court in *Lynch*.

Because the trial court's reliance on the improperly found aggravating circumstances was not harmless beyond a reasonable doubt, we vacate defendant's sentence and remand for a bench trial on the aggravating circumstances and resentencing.

(See *Lynch, supra*, 16 Cal.5th at p. 776.)  On remand, "the parties remain free to introduce at trial all relevant evidence to support or contest the factual support for the aggravating circumstances" and the trial court "retains its discretion to impose an upper term sentence if it concludes that one or more properly proved circumstances justify such a sentence."  (*Id.* at pp. 777-778.)

## DISPOSITION

Defendant's sentence is vacated, and we remand to the trial court for further litigation of the aggravating circumstances and resentencing.


_____\\s\\_____,
Krause, J.



We concur:



_____\\s\\_____,
Earl, P. J.



_____\\s\\_____,
Duarte, J.